UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA RILES HARRIS, as EXECUTRIX OF THE ESTATE OF EDDIE MALONE, JR., DECEASED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:15-CV-1954-M (BF) |
| BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P. and SPECIALIZED LOAN SERVICING, LLC | § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Barrett Daffin Frappier Turner & Engel, LLP's ("BDFTE") Motion to Dismiss [D.E. 5] and Defendant Specialized Loan Servicing LLC's ("SLS") Rule 12(b)(6) Motion to Dismiss [D.E. 7]. This case was referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference. For the following reasons the undersigned recommends that both motions be denied.

**BDFTE'S MOTION TO DISMISS**

On October 1, 2015 in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) Plaintiff Marshall Riles Harris ("Harris") and BDFTE filed Joint Stipulation of Dismissal Without Prejudice [D.E. 17]. This filing indicates that Harris is no longer pursuing a case against Defendant BDFTE and all claims against BDFTE are dismissed in their entirety by Harris. *See* Joint Stipulation [D.E. 17]. Because Harris is no longer actively pursuing a case against BDFTE, the undersigned recommends that BDFTE's motion be **DENIED as moot**.

**SLS'S MOTION TO DISMISS**

SLS filed its motion to dismiss on June 12, 2015. *See* Mot. Dism. [D.E. 7]. This motion is directed at Harris's Original Petition. *See id.* [D.E. 7]. Subsequently, on September 30, 2015 Harris filed her First Amended Petition for Wrongful Foreclosure [D.E. 16]. Because SLS's motion is directed at Harris's Original Petition and not her amended petition, the undersigned recommends that SLS's Motion to Dismiss be **DENIED without prejudice**.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that BDFTE's Motion to Dismiss and SLS's Rule 12(b)(6) Motion to Dismiss both be denied.

**SO RECOMMENDED,** this 29th day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).